UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RUMERO ZIEBELL,<br><br>      Plaintiff,<br><br>      v.<br><br>WEXFORD HEALTH OF INDIANA,<br>INC., et al.,<br><br>      Defendants. | CAUSE NO. 3:23-CV-841-PPS-JPK |

OPINION AND ORDER

Rumero Ziebell, a prisoner without a lawyer, filed a second amended complaint under 42 U.S.C. § 1983. (ECF 12.) As required by 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Ziebell is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Ziebell is an inmate at Wabash Valley Correctional Facility. His claims stem from events occurring at Indiana State Prison in October 2021, when he injured his

shoulder and was seen by Dr. Nancy Marthakis.[1] He claims that she misdiagnosed him as having a dislocated shoulder without doing an x-ray or other diagnostic testing. In his words, she "decided to attempt to 'fix' what she assumed to be a dislocated shoulder by jerking violently on my arm, while a nurse tried to push down on the raised collarbone." This "did not work," however, and Dr. Marthakis then sent him for x-rays, which revealed a "severe shoulder separation not dislocation." He claims Dr. Marthakis made the problem worse by violently jerking on his arm, and that she also delayed nearly three months in sending him to see an outside specialist for treatment. When he was seen, the specialist allegedly told him that he should have been seen right away, and that they should try physical therapy before deciding whether surgery was appropriate. The specialist referred him for physical therapy, but "the pain was so intense" that he could not do the exercises.

For another two months, Dr. Marthakis allegedly delayed in sending him back to the specialist. In March 2022, he was finally seen and approved for surgery, but shortly after that he was transferred to Wabash Valley. He met with a surgeon near that facility the following month and was allegedly told "this type of surgery should have been performed immediately, because the injury will begin to heal, and stabilize in a fixed position." It can be discerned that he eventually had the surgery, but he claims the

---

[1] I have considered that the second amended complaint was filed more than two years after his injury occurred. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (two-year limitations period applies to claims brought under 42 U.S.C. § 1983). However, his original complaint was filed in September 2023, within the two-year limitations period. (ECF 2.) I will presume for purposes of this opinion that the present complaint "relates back" to the original, which asserted a claim against Dr. Marthakis for the denial of medical care, but was unsigned and had other procedural deficiencies. *See* FED. R. CIV. P. 15(c).

delay in treatment caused permanent loss of mobility and pain in his shoulder. He sues Dr. Marthakis and her former employer, Wexford Health of Indiana, Inc. ("Wexford"), seeking monetary damages.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). They are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Courts must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). Ignoring an inmate's complaints of pain or delaying necessary treatment can amount to deliberate indifference, particularly where the delay "exacerbates the plaintiff's condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Giving Mr. Ziebell the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Dr. Marthakis. He claims she tried to forcibly reset his shoulder without doing any diagnostic testing, resulting in a misdiagnosis and exacerbation of his injury. He further claims that she delayed several

3

months in sending him for outside treatment, resulting in permanent injury and pain in his shoulder. He will be permitted to proceed against Dr. Marthakis on a claim for damages.

He also sues Wexford, but Wexford's contract with the Indiana Department of Correction ended in July 2021 and it was replaced by Centurion Health. *See Baldwin v. Westville Corr. Facility*, No. 3:21-CV-682-DRL-MGG, 2021 WL 5759136, at *2 (N.D. Ind. Dec. 3, 2021). Mr. Ziebell claims that these events occurred in October 2021 and later, at a point when Wexford was no longer responsible for medical care at Indiana prisons.

Assuming he could name the right corporate entity, there is no respondeat superior liability under 42 U.S.C. § 1983, and a private company cannot be held liable for damages simply because it employed a medical professional who engaged in wrongdoing. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if the "unconstitutional acts of their employees . . . were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). To allege a viable *Monell* claim, the plaintiff must identify an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is

so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. Ziebell does not identify an official corporate policy that caused him injury, nor does he allege facts suggesting the existence of a widespread custom. Rather, he describes individual failings by the doctor who treated him, which does not give rise to a viable *Monell* claim. *Howell*, 987 F.3d at 654; *Gill*, 850 F.3d at 344. This claim will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Nancy Marthakis in her individual capacity for money damages for denying him adequate medical care under the Eighth Amendment by misdiagnosing his shoulder injury and delaying several months in sending him for outside treatment;

(2) DISMISSES Wexford Health of Indiana, Inc., as a defendant;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis at Centurion Health and to send her a copy of this order and the amended complaint (ECF 12) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Dr. Nancy Marthakis to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: December 20, 2023.

      /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT