UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RUMERO ZIEBELL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-cv-841-PPS-AZ |
| NANCY MARTHAKIS, | |
| Defendant. | |

OPINION AND ORDER

Rumero Ziebell, a prisoner without a lawyer, is proceeding in this case "against Dr. Nancy Marthakis in her individual capacity for money damages for denying him adequate medical care under the Eighth Amendment by misdiagnosing his shoulder injury and delaying several months in sending him for outside treatment[.]" ECF 13 at 5. Dr. Marthakis filed a motion for summary judgment, arguing Ziebell didn't exhaust his administrative remedies before filing this lawsuit. ECF 23. Ziebell filed a response. ECF 35, 36. Dr. Marthakis has not filed a reply, and the time for doing so has expired. *See* ECF 39. The summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the

non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process,

administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Dr. Marthakis provides Ziebell's grievance records and an affidavit from the Grievance Specialist at Indiana State Prison ("ISP"), which show the following facts: To successfully exhaust a grievance, an inmate must complete three steps: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 23-5 at 2. On December 9, 2021, Ziebell submitted Grievance No. 136272, complaining he'd injured his arm and was in excruciating pain. *Id.* at 3; ECF 23-3. On January 7, 2022, the grievance office denied Grievance 136272 on its merits. ECF 23-3 at 1; ECF 23-5 at 3. The grievance office never received any Level I appeal from Ziebell related to its denial of Grievance 136272, and never received any other relevant grievances from Ziebell. ECF 23-5 at 3-4.

In his response, Ziebell concedes he never fully exhausted any relevant grievance. I therefore accept that as undisputed. Instead, Ziebell argues his administrative remedies were unavailable for two reasons. First, Ziebell attests and provides evidence he attempted to appeal the grievance office's denial of Grievance 136272, but was unable to obtain an appeal form despite submitting numerous requests. ECF 35-2 at 3-4, 6, 18, 20, 22, 24. As a result, he was prevented from fully exhausting Grievance 136272. *Id.* at 4. Second, Ziebell attests and provides evidence that, before he

3

filed Grievance 136272, he submitted an earlier grievance complaining about his arm injury which was ignored by the grievance office. *Id.* at 2, 8. Specifically, Ziebell provides evidence he originally submitted a grievance complaining about his arm injury on October 15, 2021, and then submitted four Request for Interview forms to the grievance office inquiring about the status of this grievance, but never received any response from the grievance office. *Id.* at 2, 8, 10, 12, 14, 16. Because the defendants did not file a reply disputing any of this evidence, I accept it as undisputed.

Here, Ziebell has provided undisputed evidence the grievance office made his administrative remedies unavailable by (1) failing to provide him an appeal form to appeal the denial of Grievance 136272, despite his numerous requests for an appeal form, and (2) failing to respond to his October 15, 2021, grievance, despite him notifying the grievance office numerous times of the lack of response. *See* ECF 23-1 at 9 (If an inmate submits a grievance but "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and *the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days*") (emphasis added); *Dole*, 438 F.3d at 809 (a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting"); *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) (an inmate's administrative remedies become unavailable "when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an

4

administrative grievance."). Therefore, because the undisputed evidence shows the grievance office made Ziebell's administrative remedies unavailable, Dr. Marthakis has not met her burden to show Ziebell had available administrative remedies he did not exhaust before filing this lawsuit. For these reasons, Dr. Marthakis' motion for summary judgment (ECF 23) is DENIED.

SO ORDERED.

ENTERED:  February 25, 2025.

                                              /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT